FILED
November 08, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003888926

6

Carl W. Collins (State Bar No. 109282)
Attorney at Law
1127-12th Street, Suite 106
P.O. Box 3291
Modesto, CA 95353
Telephone (209) 521-8100
Facsimile (209) 524-8461
E-mail: carl@cwcollinslaw.com

Attorney for Trustee
Stephen C. Ferlmann

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

| | |
|---|---|
| In re:<br><br>Bejendra Prasad and<br>Malti Kalidin,<br><br>3124 Collingham Dr.<br>Modesto, CA 95355<br><br>S.S. xxx-xx-2427<br>S.S. xxx-xx-1341<br><br>Debtors. | Case No: 09-93545<br><br>Chapter 7 Case<br><br>DC No. CWC-3<br><br><br><br>Date: December 21, 2011<br>Time: 10:30 a.m.<br>Place: Modesto Courtroom<br>Department E |

**MOTION FOR AUTHORIZATION TO SELL NON-EXEMPT**

**EQUITY IN PERSONAL PROPERTY TO DEBTORS**

**FREE AND CLEAR OF LIENS**

To: The Honorable Ronald H. Sargis, U.S. Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann, pursuant to Bankruptcy Code § 363(f) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court to sell to the Debtors their non-exempt equity in the M&B Minit Mart located at 2307 Oakdale Road, Bldg 8, Suite 5, Modesto, CA in exchange for a payment of $26,000, and respectfully represents:

1. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157(a).

1

2. The Debtors filed a voluntary Chapter 11 petition on November 3, 2009. On December 2, 2010, the case was converted to a case under Chapter 7. Stephen C. Ferlmann has been appointed Chapter 7 Trustee in the case.

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtors' interest in the following personal property (the "Property"), to which the Debtors assigned the following fair market values in their bankruptcy schedules and amendments thereto:

```
a.  Interest in M&B Minit Mart,
    a sole proprietorship . . . . . . . . . . . . . . . . $0
b.  Equipment used in M&B Minit Mart, as described
    in the List of Exhibits filed concurrently  . . $3,000
c.  Inventory at M&B Minit Mart . . . . . . . . . . $78,000
                                       Total       $81,000
```

4. The Debtors have asserted an exemption in the Inventory at M&B Minit Mart pursuant to California Code of Civil Procedure ("CCP") §703.140(b)(5) in the amount of $8,750.

5. Trustee believes that the Inventory at M&B Minit Mart has a value at cost of approximately $40,000. Given the exemption claimed by the Debtors in the Inventory in the amount of $8,750 and the discounted value of the Inventory and the Equipment in a liquidation sale, the Trustee believes that the non-exempt equity in the assets of the M&B Minit Mart business is approximately $25,000, less costs of marketing and sale.

6. Trustee has determined that an additional asset, an Off-Sale Beer & Wine Liquor License Type No. DUP No. 20-448157 with a fair market value of $1,000 was not disclosed in the Debtors' bankruptcy schedules.

7. Debtors wish to retain the above-described property (the

"Property") and desire to purchase the non-exempt equity in such Property from the bankruptcy estate.

8. Accordingly, the Trustee and the Debtors have entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtors shall pay the bankruptcy estate the total cash sum of $26,000 for the non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Debtors are purchasing the Property on an "As Is, Where Is" basis. Said sale is without representation or warranties of any kind, express or implied, including without limitation, representations of merchantability and/or fitness for any particular purpose. The Agreement further provides that notwithstanding the Debtors' assertion of an exemption in the Inventory pursuant to CCP §703.140(b)(5) in the amount of $8,750, the Purchase Amount shall be non-exempt property of the Debtors' bankruptcy estate. Upon payment of the $26,000, the Debtors shall be entitled to retain possession of the Property and the Property shall cease being property of the bankruptcy estate.

9. The Debtors have tendered the $26,000 to the Trustee, which Trustee will hold in trust pending court approval of the Agreement. In the event the Court does not approve the Agreement or a timely appeal of an order approving the Agreement is taken, the Agreement shall be null and void, the Trustee shall return any part of the purchase amount paid by the Debtors to the Trustee.

10. The Trustee is informed and believes that Maher Subhi Aziz may assert a secured claim in this case in the amount of

$138,234. Mr. Aziz filed a UCC-1 Financing Statement with the California Secretary of State on January 24, 2007 as Document No. 077100632955 creating a security interest in the following described collateral of the Debtors:

> All Furniture, Fixtures and Equipment and Inventory of That Certain Mini Mart Business Known as "Glenwood Minit Mart", Conducted at 2307 Oakdale Road, Bldg 8, Suite 5, City of Modesto, County of Stanislaus, State of California.

11. Trustee disputes the validity of this lien to the extent that it was perfected against the Debtors' present inventory which is included in the subject Property being sold.

12. Accordingly, the Trustee commenced Adversary Proceeding No. 11-09074, a Complaint to Establish the Nature, Extent and Priority of Lien against Mr. Aziz to resolve this dispute.

13. The Trustee does not dispute the validity of Mr. Aziz's lien in the Debtors' present equipment which is included in the subject Property being sold. The Trustee believes that the Debtors' present equipment has a fair market value of $3,000 as allocated in the Agreement.

14. This is an appropriate case for the Court to Order a sale free and clear of liens and interests because of the bone-fide dispute over the validity of Mr. Aziz's lien in the Debtors' present inventory.

15. The sale is subject to Bankruptcy Court approval and subject to such overbids as may be received at the time of the hearing and subject to such overbid requirements as the Court may impose. Prior to the hearing on this matter, all third party bidders must deposit $1,000 in certified funds with the Trustee in order to be eligible to make overbids at the hearing. All deposits of unsuccessful bidders are fully refundable.

16. Said sale represents the Trustee's best efforts to sell the Property for the highest possible price and the Trustee believes that the sale of the non-exempt equity in the Property to the Debtors is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an expeditious manner of liquidating the Property and will eliminate the costs and delays of liquidating the Property by way of public auction.

WHEREFORE, Trustee respectfully requests that the Court approve the Agreement, and authorize the Trustee to enter into the proposed sale of the non-exempt equity in the Property to the Debtors free and clear of liens.

WHEREFORE, the Trustee, Stephen C. Ferlmann, prays for an Order of this Court:

1. Authorizing the Trustee to enter into the proposed sale of the non-exempt equity in the Property to the Debtors for the sum of $26,000.00 in cash or certified funds upon the above-described terms and conditions;

2. Authorizing such overbids as may be submitted at the time of the hearing on this Motion, subject to such terms and conditions as may be required by the Trustee and/or the Court;

3. Authorizing the Trustee to sell the Property free and clear of the above-described lien of Maher Subhi Aziz with said lien to attach to the net proceeds and with such proceeds to be placed in a federally insured interest bearing blocked account. Such funds shall be withdrawn only upon further order of this Court;

4. Authorizing the execution and delivery by the Trustee of

any and all documents or any other actions which may be necessary or convenient to conclude the transaction; and

    5. For such other further relief as the court deems just and proper.

Dated: 11-8-11

                                     Respectfully Submitted,

                                     Law Office of Carl W. Collins

                                     Carl W. Collins
                                     Attorney for Trustee